IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 4:12-CV-69-FL

| | | |
|---|---|---|
| ANTHONY LEE MCNAIR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ROBERT A. EVAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

This matter comes before the court upon *pro se* plaintiff's motion for leave to proceed *in forma pauperis* (DE # 1), filed April 25, 2012, as well as plaintiff's motion for entry of default (DE # 7), filed June 26, 2012. For the following reasons, plaintiff's motions are denied and this action dismissed.

The court shall dismiss a case filed *in forma pauperis* at any time if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it lacks an arguable basis in either fact or law. Neitzke v. Williams, 490 U.S. 319, 325 (1989); McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009). A complaint fails to state a claim on which relief may be granted unless it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted). Pleadings drafted by a *pro se* litigant are held to a less stringent standard than those drafted by attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1972).

Plaintiff has initiated many actions in this district, the majority of which have been dismissed as frivolous.[1] As a result, the court has entered a pre-filing injunction against plaintiff, enjoining him from filing any lawsuit seeking damages for constitutional violations relating to state court convictions that have not been invalidated, or any lawsuit involving a constitutional challenge to ongoing or recently terminated state court criminal proceedings where the challenge instead could have been brought within those proceedings. Plaintiff must attach a copy of the injunction to any complaint or motion for leave to proceed *in forma pauperis* filed in this judicial district, regardless of the subject matter of the lawsuit.

Plaintiff has not attached a copy of the pre-filing injunction to the instant motion to proceed *in forma pauperis*. More significantly, the court struggles to find in plaintiff's vague factual assertions any clear claim for relief. While "[a] district judge is not required to piece together causes of action from fragmentary factual recitations," Cochran v. Morris, 73 F.3d 1310, 1318 (4th Cir. 1996), this court, to the best of its ability, interprets plaintiff's complaint as seeking damages for alleged constitutional violations arising out of state prosecutions of plaintiff that either resulted

---

[1] See McNair v. Rocky Mount Police Dep't, No. 5:06-CT-3015-FL (E.D.N.C. filed Feb. 21, 2006) (summary judgment granted to defendant); McNair v. Rocky Mount Police Dep't, No. 5:07-CT-3127-FL (E.D.N.C. filed Sept. 21, 2007) (dismissed as frivolous); McNair v. Rocky Mount Police Dep't, No. 5:07-CT-3130-FL (E.D.N.C. filed Sept. 26, 2007) (voluntarily dismissed); McNair v. Rocky Mount Police Dep't, No. 5:08-CT-03042-H (E.D.N.C. filed Mar. 31, 2008) (dismissed as frivolous); McNair v. Fitch, No. 5:08-CT-3050-BO (E.D.N.C. filed Apr. 18, 2008) (dismissed as frivolous); McNair v. Fitch, No. 5:08-CT-3085-FL (E.D.N.C. filed July 2, 2008) (dismissed as frivolous); McNair v. Rocky Mount Police Dep't, No. 5:08-CT-3144-H (E.D.N.C. filed Nov. 6, 2008) (dismissed as frivolous); McNair v. Rocky Mount Police Dep't, No. 5:10-CV-544-FL (E.D.N.C. filed Oct. 14, 2010) (dismissed as frivolous); McNair v. Nash County Dist. Attorney's Office, No. 5:10-CT-03192-D (E.D.N.C. filed Oct. 27, 2010) (motion for leave to proceed *in forma pauperis* remains pending); McNair v. Tarboro Dist. Attorney's Office, No. 5:10-CV-545-FL (E.D.N.C. filed Nov. 3, 2010) (dismissed as frivolous); McNair v. Rocky Mount Dist. Attorney's Office, No. 5:10-CV-546-FL (E.D.N.C. filed Nov. 12, 2010) (dismissed as frivolous); McNair v. Rocky Mount Dist. Attorney's Office, No. 5:10-CV-561-FL (E.D.N.C. filed Dec. 1, 2010) (dismissed as frivolous). Plaintiff unsuccessfully appealed the court's dismissal of four of his frivolous actions. See McNair v. Rocky Mount Dist. Attorney's Office, Nos. 11-1161, 11-1162, 2011 WL 1454078 (4th Cir. Apr. 15, 2011); McNair v. Tarboro Dist. Attorney's Office, No. 11-1100, 2011 WL 971180 (4th Cir. Mar. 21, 2011); McNair v. Rocky Mount Police Dep't, No. 11-1036, 2011 WL 807558 (4th Cir. Mar. 9, 2011). Generally, however, plaintiff simply brings an identical claim before this court following dismissal.

in conviction or are ongoing. Such claims are precluded by the court's pre-filing injunction.

In addition, plaintiff appears to name as the sole defendant Robert A. Evans, District Attorney for Edgecombe, Nash, and Wilson Counties.[2] However, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit under § 1983." Imbler v. Pachtman, 424 U.S. 409, 431 (1976). See also Smith v. McCarthy, 349 Fed. App'x 851, 859 (4th Cir. 2009).

Based on the foregoing, and taking into consideration plaintiff's past litigious conduct in this district, see Cochran, 73 F.3d at 1316, plaintiff's action is DISMISSED without prejudice as frivolous and as precluded by the pre-filing injunction. All outstanding motions are DENIED as moot, and the clerk is directed to close this case.

SO ORDERED, this the 3rd day of July, 2012.

LOUISE W. FLANAGAN
United States District Judge

---

[2] Plaintiff identifies defendant as "Robert A. Evan," with address "Rocky Mount Judicial Office." The court concludes with reasonable certainty that plaintiff intends Robert A. Evans, the District Attorney for Edgecombe, Nash, and Wilson counties. Regardless, plaintiff clearly seeks to assert claims for damages against a state prosecutor.

3